IN THE UNITED STATES DISTRICT COURT
                              FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA


STEVEN ALLAN SHAWLEY,            :
       Plaintiff                 :
                                 :
    v.                           :  CIVIL NO.3:CV-06-1070
                                 :
                                 :  (Judge Conaboy)
PENNSYLVANIA DEPARTMENT OF       :
CORRECTIONS, ET AL.,             :
       Defendants                :

## MEMORANDUM
### Background

This pro se civil rights action pursuant to 42 U.S.C. § 1983 was filed by Steven Allen Shawley, an inmate presently confined at the Fayette State Correctional Institution, LaBelle, Pennsylvania (SCI-Fayette). By Memorandum and Order dated March 17, 2007, dismissal was entered in favor of the following Corrections Defendants: Pennsylvania Department of Corrections (DOC), Jeffrey Beard, Clifford O'Hara, Pete Damiter, James Wynder, James McGrady and Reed Patterson. See Doc. 19.

By Memorandum and Order dated March 23, 2010, Shawley's request that this Court recuse itself was denied and summary judgment was granted in favor of Corrections Defendants Sergeant William Bowden; Correctional Officers (CO) Michael Solarek, Frederick Bleich, and John Galabinski. See Doc. 79. Remaining Defendants are Psychiatrists Kale and Chakravorty; Psychologist

1

David Pastucka[1]; and Mental Health Unit (MHU) Program Coordinator David Mont.  Pastucka and Mont are psychologists employed in the MHU at Plaintiff's prior place of incarceration, the State Correctional Institution, Frackville, Pennsylvania (SCI-Frackville).  Kale and Chakavorty are described as being SCI-Frackville MHU psychiatrists.

In his complaint, Shawley states that while previously confined at the State Correctional Institution, Dallas, Pennsylvania (SCI-Dallas), he was subjected to retaliation by members of that prison's correctional staff for his prior initiation of a federal civil rights action against SCI-Dallas officials.  This purported retaliation included the use of other inmates to "abuse/assault him."  Doc. 1, ¶ 16.  Plaintiff was subsequently transferred to the SCI-Frackville Mental Health Unit (MHU) where he remained from August 2, 2004 until September 20, 2004.

While in the SCI-Frackville MHU, Plaintiff asserts that he repeatedly told Defendants Chakravorty, Pastucka, and Mont that he was afraid to return to SCI-Dallas because of the alleged prior retaliatory abuse he suffered at that facility.  Shawley purportedly requested that those Defendants make a recommendation to the Pennsylvania Department of Corrections (DOC) and various DOC supervisory officials to have him sent to

---

[1] Different spellings of this Defendant's name have been provided to the Court.

2

a correctional facility other than SCI-Dallas. See Doc. 1 ¶ 17. Despite his above described requests, Shawley was nonetheless returned to SCI-Dallas where he purportedly was subjected to additional retaliatory mistreatment.[2]

Presently pending is a motion to dismiss filed by Remaining Defendants Pastucka and Mont. See Doc. 72. The motion is unopposed.

## **Discussion**

Defendants Pastucka and Mont claim entitlement to entry of dismissal on the grounds that: (1) Shawley's action is subject to dismissal under 28 U.S.C. § 1915(g); (2) they had no authority to prevent Plaintiff's transfer and no duty to intercede on his behalf; and (3) Plaintiff fails to allege any actionable harm.

### **Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170,

---

[2] Shawley asserts that Chakravorty, Pastucka, and Mont told him that DOC officials assured them that Plaintiff would be safe when returned to SCI-Dallas and would only be at that facility for a short period of time. See Doc. 1 ¶ 18.

3

177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___ ,129 S.Ct 1937, 1949 (2009).

This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Twombly, 550 U.S. at 556. The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562.

A civil rights complaint should allege the conduct violating plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Iqbal, 129 S.Ct at 1949. Legal conclusions must be supported by factual allegations and the complaint must state a plausible

4

claim for relief. See id. at 1950. see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). It is additionally noted that pro se pleadings are to be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Three Strikes**

The Prison Litigation Reform Act of 1996 (PLRA) enacted what is commonly referred to as the three strikes provision. Codified at 28 U.S.C. § 1915(g), it directs that a federal civil action by a prisoner proceeding in forma pauperis is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The only exception to the three strikes requirement is where the alleged unconstitutional conduct places the inmate plaintiff in danger of imminent "serious physical injury" at the time his complaint was filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001). It must be shown that "the danger of serious physical injury was imminent at the time the complaint was filed, not at the time of the alleged incident." McCarthy v. Warden, USP-Allenwood, 2007 WL 2071891 *2 (M.D. Pa. July 18, 2007)(Caldwell, J.). Past danger is insufficient, rather, the danger must be about to occur at any moment or

5

impending. See id.

This Court agrees with the determination announced by the Western District of Pennsylvania that prior to filing this action Shawley accumulated dismissals which constituted three strikes as contemplated under § 1915(g). However, based on the allegations that SCI-Dallas officials were intentionally allowing other prisoners to subject Plaintiff to physical abuse, Shawley was arguably placed in danger of imminent serious physical injury at the time he initiated this action. Therefore, under the standards announced in Abdul-Akbar and McCarthy, the moving Defendants' request for dismissal of this action under § 1915(g) is not appropriate.

**Personal Involvement**

Defendants Mont and Pastucka acknowledge that it was their duty to provide Plaintiff with psychological services. See Doc. 73 at 4. They also agree with Plaintiff's assertion that they contacted DOC officials and relayed Shawley's concerns that his safety would be compromised if he were returned to SCI-Dallas. See id. at 5. However, those two Defendants contend that they are entitled to entry of dismissal because they had no control over whether or where Shawley was transferred. Moreover, they had no duty to act as an agent for Plaintiff. As previously noted, Shawley has not filed a response to this argument.

It is initially noted that the United States Supreme Court has held that a federal inmate has "no legitimate statutory or

6

constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); James v. Reno, 39 F. Supp. 2d 37, 40 (D.D.C. 1999)(citation omitted) (a federal inmate "has no liberty interest in his security classification").  Likewise, a prisoner has no justifiable expectation that he will be incarcerated in a particular prison.  Olim v. Wakinekona, 461 U.S. 238 (1983).  In Montanye v. Haymes, 427 U.S. 236, 242 (1976), the Supreme Court held that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."  Id. at 242.

On the same day, the Supreme Court decided the seminal case of Meachum v. Fano, 427 U.S. 215, 216, reh'g denied, 429 U.S. 873 (1976), holding that no liberty interest under the Due Process Clause of the Fourteenth Amendment is infringed upon when an inmate is transferred, with or without a hearing, to another state correctional institution with substantially less favorable conditions.  The Court added that where the state does not provide a liberty interest in being housed at a particular institution, prison officials may transfer an inmate "for whatever reason or for no reason at all."  Meachum, 427 U.S. at

228. Pennsylvania law leaves the housing of inmates in particular institutions to the discretion of state officials. See 37 Pa. Code § 93.11(a); Hannon v. Terra, 1995 WL 129219 at *11 (E.D. Pa. 1995). Accordingly, an inmate can only state a claim if a transfer was made for some constitutionally impermissible reason such as retaliation against the prisoner's exercise of constitutionally protected rights. See, e.g., Jackson v. Cain, 864 F.2d 1235, 1248 (5th Cir. 1989).

Thus, a claim by Shawley that he was transferred to SCI-Dallas in retaliation for his initiation of litigation against prison officials may be pursued under § 1983. However, it is noted that there is no claim that either Pastucka or Mont engaged in any adverse retaliatory action against Shawley. There is also no contention that either of those Defendants made the decision to transfer Plaintiff back to SCI-Dallas.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

In order to state a viable civil rights claim each named defendant must be shown, via the complaint's allegations, to

have been personally involved in the events or occurrences which underlie a claim. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of his constitutional rights. Gay v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

A review of the complaint shows that Plaintiff has not set forth any averments which could support a claim that Pastucka and Mont failed to protect his safety. On the contrary, Plaintiff alleges that he asked those Defendants to convey his fears of retaliation if returned to SCI-Dallas to correctional officials and he acknowledges that Pastucka and Mont did convey those fears to DOC staff. See Doc. 1 ¶ 18.

In the present case, Pastucka and Mont were not DOC employees but rather trained professionals retained by the DOC to provide mental health services to the prisoners confined in the SCI-Frackville MHU. Shawley does not alleges that they were

9

deficient in carrying out those responsibilities. There are no allegations in the Complaint that either Pastucka or Mont were vested with the authority to direct that Plaintiff not be transferred back to SCI-Dallas. Shawley also does not claim that either Pastucka or Mont recommended that he returned to SCI-Dallas or were even vested with the authority to prevent his transfer to that facility.[3] Since there is no indication whatsoever that Pastucka or Mont had any personal involvement in the decision to return Plaintiff to SCI-Dallas, they are entitled to entry of dismissal under the standards announced in Rode and Gay. The unopposed motion to dismiss will be granted. An appropriate Order will enter.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: August 2, 2010

---

[3] It is noted that a prisoner's disagreement with "evaluations and opinions regarding him" are insufficient to set forth an actionable constitutional claim. Paine v. Baker, 595 F.2d 197, 201 (4th Cir. 1979).

10

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN ALLAN SHAWLEY,<br>Plaintiff<br><br>v.<br><br>PENNSYLVANIA DEPARTMENT OF<br>CORRECTIONS, ET AL.,<br>Defendants | :<br>:<br>:<br>: CIVIL NO.3:CV-06-1070<br>:<br>: (Judge Conaboy)<br>:<br>:<br>: |

**ORDER**

AND NOW, THEREFORE, THIS 2nd DAY OF August, 2010, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Remaining Defendants Patucka and Mont's unopposed motion to dismiss (Doc. 72) is granted.
2. Dismissal will be entered in favor of Defendants Psychologist David Pastucka; and Mental Health Unit (MHU) Program Coordinator David Mont.

S/Richard P. Conaboy<br>
RICHARD P. CONABOY<br>
United States District Judge